(Lucas County Court of Common Pleas.)

THE CITY OF TOLEDO for the use of FRANK GATES v. HARVEY P. PLATT.

---

*Sewer assessment—The contractor is entitled to penalty, if the assessment is not paid at the time stipulated in the assessing ordinance.*

(Decided October 12, 1895.)

---

PUGSLEY. J.

This is a demurrer to the answer. The action is brought to recover the last half of a sewer assessment against certain lots which are owned by the defendant. The petition contains all the usual and necessary allegations. The last half of the assessment, for which the suit is brought, became due upon the 18th of January, 1895, and the petition in this case was filed upon the 5th of April, 1895. The plaintiff asks for a personal judgment against the defendant for the amount of the assessment, and interest from the 18th day of January, 1895, and also a penalty of five per cent.

The defendant in his answer alleges in substance that after the assessment became due, and prior to the commencemet of this suit, he offered to pay to the plaintiff the assessment and interest but the plaintiff refused to accept the assessment and interest, and demanded the assessment and interest and the penalty of five per cent., which penalty the defendant refused to pay.

The question which is submitted by the demurrer is, whether the owner of an assessment is entitled to the penalty of five per cent. after the assessment falls due, and before suit is brought to recover the assessment. This question depends upon the proper construction of secs. 2285 and 2286 of the Revised Statutes.    Sec. 2285 reads as follows:

"Special assessments shall be payable by the owners of the property assessed, personally, by the time stipulated in the ordinance providing for the same."

That is all that it is necessary to read of that section.

"Sec. 2286.    If payment is not made by the time stipulated, the amount assessed, together with the interest and a penalty of five per cent. thereon, may be recovered by suit before a justice of the peace or other court of competent jurisdiction, in the name of the corporation, against the owner or owners."

It thus appears that if the assessment is not paid when due, an action may at once be brought, and in such action the assessment and interest and a penalty of five per cent. may be recovered.

It is conceded by the defendant that the owner of the assessment is entitled to interest thereon from the time it falls due, even although no suit is brought, but that the penalty of five per cent. cannot be recovered unless suit is brought.    And the decision of the Supreme Court in the case of Hunter, treas. v. Borck, 51 Ohio St. 320, is relied upon.    The statute involved in that case—sec. 1095, Rev. Stat.—provides that "When one-half of the taxes is not paid by the 20th of December, the county treasurer shall proceed to collect the same by distress or otherwise, together with a penalty of five per cent., which penalty shall be for the use of the treasurer as compensation for such collection."    The court held that to entitle the treasurer to the compensation allowed under sec. 1094, he must render the prescribed services—he must proceed to collect, and collect the delinquent taxes by distress or otherwise; that is, in some one of the modes pointed out by law, or at least through special effort made by him or by his agent.    Sec. 1094 defines the penalty as compensation of the treasurer for making such collection; that is, for collecting the taxes by distress or otherwise.    Therefore, if the treasurer does not collect the taxes by distress or otherwise, then he has not rendered any service for which he is entitled to the prescribed compensation.

The statute involved in this case is different.    It does not define the penalty as compensation for services in collecting the assessment, but simply provides that penalty may be recovered by action, if the assessment is not paid when due.    If the contractor or the owner of the assessment has the right to bring an action to recover the penalty, then it would seem that nothing short of a tender of the penalty would bar that right.

Another consideration occurs to me.    If the penalty cannot be recovered unless the plaintiff is compelled to bring an action upon the assessment, then it is questionable whether he can recover the interest, unless he is compelled to bring suit upon the assessment.    Under sec. 2286 "The amount assessed, together with interest and a penalty of five per cent. may be recovered by suit."    Sec. 2285 provides that special assessments "shall be payable by the owners of the property assessed, personally, by the time stipulated in the ordinance;" but there is no provision as to the payment of interest on the assessment except the one contained in sec. 2286; that is, the amount of interest may be recovered by action. And the general interest statute does not seem to cover such a case.    If I am correct in that, it would seem that any construction of this statute which would lead to such a result, ought not to be followed, unless it is inevitable.  .

Upon the whole, I am of the opinion that a tender of the assessment and interest; without the penalty, is not sufficient. The amount involved in this case is very small, but the question is one of importance, and ought to be settled by the decision of a higher court.

In view of this holding, it is not necessary to consider the further question that is made, viz: that a sufficient tender, even of the assessment and interest, is not alleged in the answer.

The demurrer to the answer is therefore sustained.

Stephen Brophy, for plaintiff.

George B. Boone, for defendant.